IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PRINCESS ANTHONY-GARY,**

                **Plaintiff,**

      **v.**                                   **CASE NO. 05-3325-SAC**

**SGT. ROSA,**

                **Defendant.**

**O R D E R**

    This matter is before the court on a pro se complaint filed under 42 U.S.C. 1983 by a prisoner confined in the Geary County Detention Center in Junction City, Kansas. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. 1915.

    Pursuant to 28 U.S.C. 1915(b)(1), plaintiff must pay the full $250.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Because any funds advanced to the court by plaintiff or on her behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing

---

    [1]See Anthony-Gary v. Geary Co. Sheriff's Dept., Case No. 05-3220-SAC ($250.00 fee obligation).

fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

In this action, plaintiff states the defendant prison official denied plaintiff's request to make a phone call regarding the hospitalization of plaintiff's "terminally ill" daughter for sickle cell anemia. Plaintiff, who identifies herself as African American, essentially states the same prison official allowed a white prisoner to call that prisoner's husband to obtain medication. On this bare allegation, plaintiff alleges the defendant discriminated against plaintiff on the basis of race, and on the basis of a race related disability of plaintiff's daughter.

The date on plaintiff's complaint is July 20, 2005, the very same date she requested the phone call at issue. It thus is apparent on the face of the complaint that plaintiff has not exhausted administrative remedies available at the county facility. *See* 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

2

The court also finds plaintiff's claim of constitutionally disparate treatment is frivolous, and wholly insufficient to state a cognizable claim for relief under 42 U.S.C. 1983. The two phone requests cited by plaintiff are not at all similar, and demonstrate no intentional disparate treatment on the basis of plaintiff's race. *See* <u>Washington v. Davis</u>, 426 U.S. 229, 239 (1976)(equal protection violation requires proof of intentional discrimination); <u>Shango v. Jurich</u>, 681 F.2d 1091, 1104 (7th Cir. 1982)(isolated events or mere inconsistency in prison management does not, by itself, establish an equal protection violation). Nor is any constitutional claim stated by plaintiff's bare allegation of discrimination based on the race and alleged disability of plaintiff's daughter.

Because amendment of the complaint would not cure the deficiencies identified herein, the court concludes the complaint should be dismissed. *See* 42 U.S.C. 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").[2]

---

[2]Plaintiff is advised the dismissal counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 42 U.S.C. 1997e(c)(2).

Copies of this order are be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 3rd day of August 2005 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge